**MICHAEL H. SPORN**
ATTORNEY AT LAW
_____

(212) 791-1200
mhsporn@gmail.com

299 BROADWAY                                                                                           42-40 BELL BOULEVA RD
NEW YORK, NEW YORK 10007                                                                    BAYSIDE, NEW YORK 11361


September 27, 2023


United States District Judge
Southern District of New York                        **MEMO ENDORSED**
500 Pearl Street
New York, New York 10007


                Re:  United States v. Peter Samolis
                     Ind. No. 19 CR 651 (LTS)

Dear Judge Swain:

      This letter is respectfully submitted to request that the special condition of home detention during Mr. Samolis's first year of supervised release be modified and removed.

Background

      Mr. Samolis was one of 30 defendants charged in a skimming device scheme.  He pled guilty to conspiracy to commit wire and bank fraud as charged in Count 2.  On July 12, 2022 he was sentenced to a term of 15 months in custody to be followed by supervised release for a period of 3 years.  The Court imposed as a special condition of supervised release that he be on home detention for the first of the three years.[1]

      Mr. Samolis was directed to surrender to the designated Bureau of Prisons (BOP) facility on January 19, 2023.  FCI Otisville was designated, and he reported there on January 19, 2023 as required.  On or about May 18, 2023, BOP sent him to a halfway house to serve the remainder of his sentence.  He was placed on home detention with electronic monitoring.  He reports to his caseworker there twice a week.  He has been in compliance.  There are no issues.  His release date from the BOP is November 12, 2023.  At that point his period of supervised release will begin.

---

[1]     Financial penalties also included restitution and forfeiture.  A copy of the Judgment is attached.

Hon. Laura Taylor Swain
September 27, 2023
Page - 2 -

## This Application

The reason for this request is simple and straightforward. Essentially Mr. Samolis already has been subject to the special condition of home detention that includes electronic monitoring, early curfew and reporting requirements since the BOP designated him to a residential reentry center in May of this year. To keep that special condition in place while on supervised release would only duplicate the restrictions my client already is adhering to while still under the auspices of the BOP. We do not have to reinvent the wheel. BOP already has had Mr. Samolis under supervision in conditions that echo those contemplated by the Court. There is no need to repeat.

In addition there is a specific reason that the restrictions of electronic monitoring and early curfew would be particularly cumbersome as tailored to Mr. Samolis's work environment. As your Honor may remember my client coaches basketball in schools, and in other organized youth leagues like AAU throughout Long Island. His schedule often calls for him to be at games or practices that start at 8 p.m. There is no way that he can comply with a typical 9 pm home detention curfew and continue employment coaching in these leagues. They are not compatible. Nor are they consistent with the view that home detention should not interfere with employment. Moreover the otherwise relatively benign act of wearing an electronic bracelet around the ankle in and of itself is highly problematical in a basketball court setting during games and during practices.

Accordingly we respectfully ask that your Honor modify and remove this condition of supervised release. Any salutary purpose intended by the Court with this special condition already has been implemented and achieved while my client still was within the auspices of the BOP. No doubt his case worker can confirm his compliance with those restrictions. Mr. Samolis still would be on supervised release and still subject to those standard conditions that apply.

Finally this request is consistent with the sentencing Guidelines amendments scheduled to become effective in November. Among the amendments, the commission has promulgated a change for defendants, like Mr. Samolis, with zero criminal history points. He would have qualified under the amended U.S.S.G. §4C1.1 for zero criminal history points. Note 10 – Zero-Point Offenders - of the Commentary to U.S.S.G. §5C1.1 states that "a sentence other than a sentence of imprisonment … is generally appropriate" for offenses within Zones A and B of the Sentencing Table. We were not in Zone A or B due to the amount of the loss, however the principle, and supporting data, behind these amendments is that defendants without prior criminal histories are substantially less likely to be rearrested. Mr. Samolis has complied with all BOP requirements. No doubt he will be equally compliant with the requirements and conditions of his period of supervised release. Thank you for your consideration of this matter.

Hon. Laura Taylor Swain
September 27, 2023
Page - 3 -

                                                      Respectfully submitted,

                                                      Michael H. Sporn

MHS/ss
Cc: Samuel Rothschild, Esq. (by email)

The foregoing request for elimination of the home detention condition of supervision is denied. Mr. Samolis was afforded a very substantial sentencing variance in light of his family and financial circumstances, in order to permit him to attend to family needs after a relatively short period of incarceration, while continuing to serve a sentence that properly addresses the statutory purposes of sentencing, which include punishment for his serious crime. It is of benefit to Mr. Samolis' family that the Bureau of Prisons has permitted him to serve a substantial portion of the custodial sentence in a residential reentry center. The home detention portion of the supervision sentence is an additional element of the sentence and was imposed thoughtfully by the Court.

Accordingly, the request is denied, without prejudice to the Probation Office's ability to fashion curfew parameters that permit Mr. Samolis to attend to employment that is otherwise consistent with his conditions of supervision. This resolves docket entry no. 1475.

SO ORDERED.

Dated: 09/29/2023
/s/ Laura Taylor Swain, Chief U.S.D.J.